Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
Atoy Wilson (SBN: 305259)
awilson@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA  90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff ASIA MOSLEY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASIA MOSLEY,<br><br>                     Plaintiff,<br><br>         v.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 through 10, inclusive,<br><br>                     Defendants. | Case No.: 2:19-cv-07935<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Violation of Cal. Labor Code §§ 204, 206, 510, 1194, 1194.2, 1197, 1197.1, 1182.12 (Failure to Pay All Wages);<br>2. Violation of Cal. Labor Code §§ 226.7, 512 (Meal Period Violations);<br>3. Violation of Cal. Labor Code §§ 226.7 (Rest Period Violations);<br>4. Violation of Cal. Labor Code §§ 201, 202, 203 (Failure to Pay Wages Due at Separation of Employment);<br>5. Violation of Cal. Labor Code §§ 226, subds. (a) and (e), 226.3, 1174, 1174.5 (Failure to Issue Accurate Itemized Wages Statements); and<br>6. Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Unfair Business Practices)<br><br>Complaint Filed:  July 23, 2019<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ASIA MOSLEY ("Plaintiff") complains and alleges on information and belief as follows:

## INTRODUCTION

1. Plaintiff seeks relief against Defendants, for Defendants' practices of violating the applicable Industrial Welfare Commission ("IWC") Wage Orders, Code of Regulations, and California Labor Codes, including: (1) failure to pay all wages (including minimum, regular, and overtime wages); (2) failure to make available meal and rest periods or provide compensation in lieu thereof; (3) failure to provide accurate itemized wage statements; and (4) failure to pay all wages due upon separation of employment.

3. At all relevant times herein, Defendants have consistently maintained and enforced against Plaintiff the unlawful practices and policies set forth herein.

## JURISDICTION AND VENUE

4. Venue is proper in this judicial district because the Defendants are subject to the Court's personal jurisdiction as indicated below and operates within the State of California in multiple districts such that it is subject to the personal jurisdiction is proper in any district within the State of California.

5. This Court has personal jurisdiction over Defendants because they have significant minimum contacts with this State, and intentionally availed themselves of the laws of California by transacting a substantial amount of business throughout the State and this District, including but not limited to, the promotion, marketing, advertising, and maintaining employees throughout the Central District of California.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b). Plaintiff resides in the Central District of California, and Defendants are located in and do business in, the Central District of California.

7. The Central District of California, has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2) because the value of the claims at issue

in the original complaint exceeded the five million dollar ($5,000,000.00) aggregate jurisdictional threshold for federal court; and upon information and belief, Plaintiff and Defendants are citizens of, residents of, and/or domiciled in different states.

## THE PARTIES

**Plaintiff**

8.  Plaintiff was employed by Defendants as a non-exempt employee within the four (4) years prior to the commencement of this action. At all relevant times herein, Plaintiff was employed by Defendants in paid hourly non-exempt positions. At all relevant times herein, Plaintiff's job duties consisted of, *inter alia*, customer service, processing sales, and conducting front door receipt checks.

9.  Plaintiff was entitled to compensation for all hours worked, including minimum, regular, and overtime wages, as well as meal and rest period premiums from Defendants.

**Defendant(s)**

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant COSTCO WHOLESALE CORPORATION ("COSTCO") is a Washington corporation that operates a membership warehouse club that provides a wide selection of merchandise to its members throughout California and was Plaintiff's employer. On information and belief, and based thereon, Plaintiff alleges that COSTCO is conducting business in good standing in California, and at all times herein mentioned has regularly conducted business throughout the State of California.

11. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief, alleges that said Defendants are legally responsible for the violations alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when that information is ascertained.

12. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also alleges the acts of each Defendant are legally attributable to the other Defendants.

## **FACTUAL ALLEGATIONS**

13. Plaintiff is, and all times relevant herein, has been, a non-exempt employee within the meaning of the California Labor Code, and the implementing rules of the IWC California Wage Orders.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

17. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive wages for all hours worked, including minimum, regular, and overtime wages, and that she was not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Defendants failed to pay Plaintiff's earned wages by failing to record and pay for time spent clocked out for meal and rest periods while subsequently waiting through security checks before being able to clock back in from meal and rest periods without compensation. In addition, Plaintiff was required to clock-out at the end of their shift and then wait until a manager allowed her to leave the workplace without compensation. As such,

Defendants failed to pay minimum, regular, and overtime wages for all hours worked, including off-the-clock work.

18.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiffs' regular rate of pay when she did not receive a timely, uninterrupted off-duty meal period. In violation of the Labor Code and IWC Wage Orders, Defendants had a pattern, practice, and policy of not providing Plaintiff proper meal periods. Plaintiff missed meal periods, took them late, had them cut short, or interrupted as a result of Defendants' policies, practices, and a busy workload. Defendants also required Plaintiff to clock out for meal periods and then subsequently be subjected to a security check before being able to leave the facility. Plaintiff was also required to go through the security check again prior to clocking back from meal and rest breaks. Plaintiff was not paid for time spent waiting in security check lines yet the time counted toward her breaks. Defendants disciplined Plaintiff if she did not return from meal periods within the 30-minutes despite having to wait through security checks without pay. As such, Plaintiff's meal periods were less than 30-minutes. In addition, Plaintiff was not allowed to leave her work station for meal periods without permission from her supervisor, frequently resulting in a failure to provide meal periods within the first 5 hours of the work shift. As a result of Defendants' unlawful policies and practices, Plaintiff did not receive timely, full, uninterrupted meal periods or payment of one (1) additional hour of pay at Plaintiff's regular rate of pay when she did not receive a timely, uninterrupted 30 minute off-duty meal period.

19.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive all paid rest periods or payment of one (1) additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed, interrupted, or shortened. In violation of the

-5-
FIRST AMENDED COMPLAINT

Labor Code and IWC Wage Orders, Defendants had a pattern, practice, and policy of not providing Plaintiff paid rest periods. Plaintiff was required to go through security checks in order to leave the facility for rest breaks but the time spent waiting through security checks was counted toward her break time. Plaintiff was also required to use the restroom only during rest breaks in violation of IWC Wage Order 4-2001, Sects. 12 and 13(B). Defendants disciplined Plaintiff if she was late clocking back in from a rest period despite the security checks. As such, Plaintiff's rest periods were less than 10-minutes. Further, Defendants did not provide second rest periods to Plaintiff who worked shifts in excess of six hours. As a result of Defendants' policy and practice, it systematically denied Plaintiff from taking proper rest periods. Plaintiff did not receive all paid rest periods or payment of one (1) additional hour of pay at Plaintiff's regular rate of pay when a paid rest period was missed, discouraged, truncated, or interrupted.

20. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive itemized wage statements that accurately showed her actual hours worked, total hours worked, number of hours worked at each hourly rate, gross and net wages earned, and premium wages earned per pay period in accordance with California law. In violation of the Labor Code, Plaintiff was not provided with accurate itemized wage statements.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, Plaintiff did not receive payment of all wages due, within permissible time periods, upon separation of employment.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES

**(Labor Code §§ 204, 206, 510, 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198)**

**(By Plaintiff against All Defendants)**

22. Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

23. Any employee receiving less than the legal minimum wage or legal overtime compensation is entitled to recover in a civil action the amount of unpaid wages, attorneys' fees, and costs of suit. (Lab. Code, § 1194 subd. (a).)

24. Labor Code section 1182.12 provides that on and after July 1, 2014, the minimum wage for all industries shall not be less than nine dollars ($9.00) per hour, and on and after January 1, 2016, the minimum wage for all industries shall not be less than ten ($10.00) per hour. For employers who employed 26 or more people from January 1, 2017 to December 31, 2017, the minimum wage rate in California was ten dollars and fifty cents ($10.50) per hour. From January 18, 2018 to December 31, 2018, the minimum wage rate in California was eleven dollars ($11.00) per hour. From January 1, 2019 to December 31, 2019, the minimum wage rate in California is twelve dollars ($12.00) per hour. Plaintiff is informed and believes Defendants employed more than 26 employees.

25. Notwithstanding any other provision of the Labor Code, hourly minimum wage rates are set for all industries according to statute. (Lab. Code, § 1182.12.) Employers must pay employees no less than minimum wage for each hour worked. (Lab. Code, § 1194.)

26. In any action to recover payment of wages less than the minimum wage an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. (Lab. Code, § 1194.2.)

27. Any work in excess of eight (8) hours in any workday and any work in excess of forty (40) hours in a workweek, shall be compensated at a rate of no

less than one and one-half times the regular rate of pay for an employee. (Lab. Code, § 510, subd. (a).) Any work in excess of twelve (12) hours in a workday shall be compensated at the rate of twice the regular rate of pay for an employee. (Lab. Code, § 510, subd. (a).)

28.    All wages earned in employment are due and payable twice during each calendar month on dates designated in advance by the employer. (Lab. Code, § 204.)

29.    In case of a dispute over wages, the employer shall pay, without condition and promptly under the Labor Code all wages conceded due, leaving to the employee all remedies he/she is otherwise entitled to as to any balance claimed. (Lab. Code, § 206.)

30.    At all relevant times herein, Plaintiff was paid as a non-exempt employee.

31.    Defendants failed to pay Plaintiff for all hours worked and failed to record actual hours worked, e.g., time spent working off-the-clock, including, during meal and rest periods while waiting through security checks to return to work, and after shifts while waiting for their manager's permission before leaving the worksite, among other things. Plaintiff regularly worked over eight (8) hours per day and forty (40) hours per week. Consequently, Defendants failed to pay Plaintiff all minimum, regular, overtime, and/or double-time wages for all hours worked, including hours in excess of over eight (8) per day and 40 per workweek. Pursuant to Labor Code sections, *inter alia*, 204, 510, 1182.12, and 1194, Plaintiff seeks the payment of all minimum, regular, overtime, and/or double-time compensation which she earned and accrued for four (4) years prior to filing this complaint, according to proof.

32.    Additionally, Plaintiff is entitled to liquidated damages, attorneys' fees, costs pursuant to California Labor Code section 1194 and Code of Civil Procedure section 1021.5, and prejudgment interest.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (Labor Code §§ 226.7 and 512)

### (By Plaintiff against All Defendants)

33. Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

34. Labor Code sections 226.7, 512, and the applicable IWC Wage Order provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period uninterrupted by work duties of not less than thirty (30) minutes, or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

35. Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

36. At all times relevant hereto, Plaintiff has worked shifts of more than five (5) hours in a workday. Plaintiff alleges Defendants failed to provide legally compliant meal periods, in addition to impeding and/or not relieving her from all work duties during meal periods thereby preventing her from taking legally compliant meal periods. Specifically, Plaintiff missed meal periods, took them late, or had them interrupted to perform work related tasks as a result of Defendants' busy workload. Defendants further required Plaintiff to wait through security checks after clocking out for meal breaks and again prior to clocking backing in from meal periods without compensation and resulting in a less than 30-minute meal period. Defendants disciplined Plaintiff if she did not return from meal periods within the 30-minutes despite having to wait through security checks during her

break time. As such, Plaintiff's meal periods were less than 30-minutes. In addition, Plaintiff was not allowed to leave her work station for meal periods without permission from her supervisor, frequently resulting in the provision of a meal period after the first 5 hours of work.

37. Pursuant to Labor Code section 226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages at their regular rate of pay for each improper meal break, in an amount to be proven at trial.

38. At varying times relevant hereto, Plaintiff has worked shifts more than ten (10) hours in a workday and was regularly denied a legally compliant second meal period.

39. Pursuant to Labor Code section 226.7, Plaintiff requests recovery of meal period compensation which she is owed beginning four (4) years prior to filing this complaint, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes. Pursuant to Code of Civil Procedure section 1021.5, and any other provision of law, Plaintiff requests the court award reasonable attorneys' fees and costs incurred by her in this action.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF
**(Labor Code § 226.7)**

**(By Plaintiff against All Defendants)**

40. Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

52. Labor Code section 226.7 and the applicable Wage Order provide that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours, or major fraction thereof.

53. Labor Code section 226.7, subdivision (b) provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

54. At all times relevant hereto, Plaintiff has worked shifts of more than three-and-a-half (3.5) hours in a workday. Plaintiff consistently had rest breaks missed, interrupted or shortened due to Defendants' uniform policies and practices. Defendants required Plaintiff to be subjected to security checks prior to leaving and upon re-entering the building during breaks but counted this time waiting for security checks as part of her break time. Defendants disciplined Plaintiff if she returned late from a rest period despite the security checks. As such, Plaintiff was not provided 10-minute rest breaks and was impeded from leaving the facility. Further, Defendants did not provide second rest periods to Plaintiff. Defendants also permitted Plaintiff only to use the bathroom during rest breaks. Accordingly, Defendants systematically denied Plaintiff from taking proper rest breaks.

55. Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per improper rest break, in a sum to be proven at trial. Pursuant to Code of Civil Procedure section 1021.5, and any other provision of law, Plaintiff requests the court award reasonable attorneys' fees and costs incurred by them in this action.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES

## (Labor Code §§ 201, 202, 203)

## (By Plaintiff against All Defendants)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

57. Plaintiff is informed and believes, and thereon alleges, that as part of Defendant's ongoing unfair business practices, Defendants failed to pay Plaintiff

FIRST AMENDED COMPLAINT

all wages earned during her employment at the time of her separation in violation of Labor Code sections 201 and 202.

58. Labor Code section 201 provides that an employer is required to pay an employee whose employment is terminated by the employer all wages earned and unpaid immediately upon termination.

59. Labor Code section 202 requires an employer pay to an employee who quits his or her employment, all wages earned and unpaid no later than 72 hours thereafter.

60. Labor Code section 203 provides that an employer who fails to pay all wages earned and due an employee who is discharged or who quits within the timeframe set forth in sections 201 and 202, the wages of the employee shall continue as a penalty from the due date at the same rate of pay until paid, but not more than 30 days. In other words, the employer owes the employee his or her daily rate of pay at their regular rate of pay for each day the full amount of unpaid wages is not paid, for a penalty of up to 30 days' wages.

61. Plaintiff's employment ended within three (3) years of the filing of this complaint, without being paid the proper payments as described herein and is therefore entitled to thirty (30) days of pay at her regular rate of pay as waiting time penalties.

## FIFTH CAUSE OF ACTION
## FAILURE TO ISSUE ITEMIZED WAGE STATEMENTS AND MAINTAIN RECORDS
**(Labor Code §§ 226, 226.3, 1174, and 1174.5)**
**(By Plaintiff against All Defendants)**

62. Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

63. Labor Code sections 226, 226.3, 1174, and 1174.5, and applicable IWC Wage Orders provide that employers must keep records and provide

employees with itemized wage statements showing all hours worked and each applicable rate of pay in effect during the pay period with the corresponding number of hours worked at each hourly rate.

64. Labor Code section 1174, subdivision (d), requires an employer to keep at a central location in California or at the plant or establishment at which the employee is employed, payroll records showing the hours worked daily, and the wages paid to each employee. Labor Code section 226, subdivision (a) requires an employer to provide employees—either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash—an accurate itemized wage statement in writing, including specified information, including, but not limited to: "(1) gross wages earned, (2) total hours worked . . . (5) net wages earned and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

65. Labor Code section 226, subdivision (e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00). Plaintiff is informed and believes that Defendants willfully failed to make or keep accurate records for Plaintiff.

66. The IWC Wage Orders require that every employer shall keep accurate information with respect to each employee, including, but not limited to, time records showing the total daily hours worked by each employee, the total hours worked in each payroll period, and applicable rates of pay. Plaintiff is informed and believes that Defendants willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff. Specifically,

Plaintiff believes that Defendants' records fail to include, *inter alia*: (1) actual hours worked, (2) total hours worked, (3) number of hours worked at each hourly rate, (4) gross wages earned; (5) net wages earned, and (6) premium wages earned per pay period.

67. An employee is deemed to suffer injury if the employer fails to provide an accurate wage statement containing all of the required information set forth in Labor Code section 226, subdivision (a). (Lab. Code, § 226, subd. (e)(2).) In addition, the omission of time worked, records of short meal and rest breaks, and/or premium pay make it difficult for employees to determine whether they were paid all wages due without complicated calculations and/or reconstruction of records required to be maintained by the employer.

68. For each employee suffering an injury as a result of Defendants' knowing and intentional failure to provide an accurate, itemized wage statement, the employee is entitled to recover the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs, and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period.

69. Plaintiff is informed and believes, and based thereon alleges, that Defendants' failure to keep accurate payroll records; as described above, violated Labor Code section 1174, subdivision (d) and section 226, subdivision (a), and the applicable Wage Order.

70. Plaintiff is informed and believes, and based thereon alleges, that Defendants' failure to keep and maintain accurate records and information and provide to Plaintiff accurate itemized wage statements, as described above, was knowing and intentional, and Plaintiff is entitled to statutory penalties for each pay period in which a violation occurred. Plaintiff further seeks recovery of attorneys' fees and costs pursuant to Labor Code section 226, subdivision (e), and as otherwise permitted by law.

## SIXTH CAUSE OF ACTION

## UNFAIR/UNLAWFUL BUSINESS PRACTICES

**(Business and Professions Code §§ 17200 *et seq*.)**

**(By Plaintiff against All Defendants)**

71. Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

73. Business & Professions Code section 17200 ("UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

74. Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the UCL.

75. Labor Code section 90.5, subdivision (a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

76. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this complaint, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this complaint, including, but not limited to, violations of Labor Code sections 201, 202, 203, 204, 206, 226, 226.7, 510, 512, 1174, 1174.5, 1182.12, 1194, 1197, and 1198, as well as other statutes.

77. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections 17200 et seq.

78. As a result of these actions, Plaintiff, on information and belief, alleges that Defendants are able to unfairly compete with other comparable companies in the State of California in violation of Business & Professions Code sections 17000 et. seq. and sections 17200 et. seq. Due to these unlawful, unfair, and/or fraudulent business practices, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California.

79. The victims of these unlawful, unfair, and/or fraudulent business practices include, but are not limited to, Plaintiff, competing membership warehouse clubs in the State of California, and the general public. Plaintiff is informed and believes, and thereon alleges, that Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other competitors, and the general public.

80. Plaintiff's success in this action will enforce important rights affecting the public interest and public policy. In this regard, Plaintiff sues on behalf of the public as well as on behalf of herself.

81. Business and Professions Code sections 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair, and fraudulent business acts and business practices alleged above.

82. Business and Professions Code section 17203 provides that the Court may restore to any person in interest, any money or property that may have been acquired by means of such unfair competition. Plaintiff is entitled to restitution pursuant to Business and Professions Code section 17203 for wages and payments unlawfully withheld from her, including the fair value of the meal and rest periods and other losses alleged herein, during the four-year period prior to the filing of this complaint. All remedies are cumulative pursuant to Business & Professions Code

section 17205.

83. Business and Professions Code section 17202 provides: "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff is entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

84. Plaintiff requests injunctive relief pursuant to Business & Professions Code section 17203 to enjoin Defendants from continuing the unfair/unlawful business practices alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For compensatory and statutory damages;

2. For restitution of all monies due to Plaintiff from the unlawful/unfair business practices of Defendant;

3. For injunctive relief;

4. For statutory and civil penalties according to proof;

5. For reasonable attorneys' fees and costs pursuant to Labor Code section 226, subdivision (e), and section 1194; Code of Civil Procedure section 1021.5, and/or other applicable laws statues; and

6. That the Court award such other and further relief as this Court may deem appropriate.

Dated: March 2, 2020        **MAHONEY LAW GROUP, APC**

By:  */s/ Katherine Odenbreit*
Katherine Odenbreit
Atoy Wilson
Attorney for Plaintiff ASIA MOSLEY, as an individual, and on behalf of all similarly situated employees.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, hereby demands a jury trial on all causes of action and claims with respect to which she has a right to a jury trial.

Dated: March 2, 2020      **MAHONEY LAW GROUP, APC**

By:    */s/ Katherine Odenbreit*
Katherine Odenbreit
Atoy Wilson
Attorney for Plaintiff ASIA MOSLEY, as an individual, and on behalf of all similarly situated employees.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all Class Members, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: March 2, 2020                **MAHONEY LAW GROUP, APC**

By: */s/ Katherine Odenbreit*
Katherine Odenbreit
Kevin Mahoney
Attorney for Plaintiff ASIA MOSLEY, as an individual, and on behalf of all similarly situated employees.